**Wesley HAMMONDS et al.**

**v.**

**CITY OF CORPUS CHRISTI, TEXAS.**

**Civ. A. No. 64-C-2.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Feb. 7, 1964.

Sidney P. Chandler, Corpus Christi, Tex., for plaintiffs.

I. M. Singer, Corpus Christi, Tex., for defendant.

GARZA, District Judge.

In this cause the Plaintiffs are suing the City of Corpus Christi, Texas, as Defendant, asking that two annexation ordinances of the Defendant be held void, and asking for an injunction against said City from asserting any control over the alleged annexed territory, including, but not limited to, its attempt to collect taxes.

It appears that Plaintiffs are not only bringing this action in behalf of themselves, but also in behalf of all other persons similarly situated.

Plaintiffs assert that this Court has jurisdiction of their cause of action under Section 1 of the Fourteenth Amendment of the United States Constitution, and Title 42, Section 1981, United States Code Annotated.

The City of Corpus Christi has filed its motion to dismiss this action, and that is the motion that is before the Court at this time.

The City of Corpus Christi is a home rule city and operates under a city charter under Article 11, Section 5, of the Constitution of the State of Texas, Vernon's Ann. St.

A city of over 5,000 inhabitants, such as Corpus Christi, Texas, has the power to adopt or amend its charter subject to such limitations as may be prescribed by the Legislature. Among the enumerated powers granted to such home rule cities by the Legislature is "the power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, * * * according to such rules as may be provided by said charter." Vernon's Annotated Civil Statutes, Art. 1175, subd. 2.

Texas courts have held that the only limitation fixed by the Legislature on the power of a home rule city to annex additional territory is that the territory shall be adjacent to the city and not included within the boundaries of any other municipality. City of Houston v. State ex rel. City of West University Place, 142 Tex. 190, 176 S.W.2d 928; State ex rel. Pan American Production Co. v. Texas City, 157 Tex. 450, 303 S. W.2d 780 (1957), Reh. den.

The City of Corpus Christi has provided the different modes of annexing territory to the city, in Article 1, Sec. 2, of its city charter.[1]

Acting under said city charter provisions, the City of Corpus Christi passed two annexation ordinances which are the ones under attack here. These two ordinances have already been under attack in the State courts, and the validity of said annexation ordinances has been upheld.

The cases in which the validity of said ordinances was attacked by the same attorney representing the Plaintiffs here were the cases of Pennington et al. v. City of Corpus Christi, Tex.Civ.App., 363 S.W.2d 502, and W.L.D. Winship et al. v. City of Corpus Christi [Case No. 15 of the Court of Civil Appeals for the Thirteenth Judicial District of Texas), 373 S.W.2d 844, decided December 19, 1963; motion for rehearing overruled January 9, 1964.

The Pennington case was decided by the Court of Civil Appeals, Fourth Supreme Judicial District of Texas, at San Antonio, Texas. Petition for writ of er-

---

1. "Section 2. ANNEXATION. *The City of Corpus Christi is empowered to annex additional territory adjoining or lying adjacent to the City in the manner set forth in either of the following subsections (a), (b), or (c).

"(a) The question of annexation of a given territory may be submitted to the qualified voters of the City at an election duly called for such purpose; and if a majority of such qualified voters voting at such election favor the annexation of such territory, the same shall be annexed by ordinance of the City Council; and when any additional territory has been so annexed, the same shall be a part of the City of Corpus Christi and the property therein shall bear its pro rata part of the taxes levied by the City, and the inhabitants thereof shall be entitled to the rights and privileges of all the citizens, and shall be bound by the acts, ordinances, resolutions and regulations of the City. Such question of annexation of any given territory may be submitted to the qualified voters of the City at any time upon the majority vote of the members of the Council. The question of annexation of any given territory may come before the Council for consideration upon either (1) the will of the Council, or (2) the written recommendations of the Zoning and Planning Commission of the City, or (3) petition signed by not less than 1,500 qualified voters of the City, or (4) petition signed by not less than 10% of the qualified voters residing in the territory proposed to be annexed." (Subsections (b) and (c) are not material to this case.)

ror was refused by the Supreme Court of Texas, and motion for rehearing denied. The plaintiffs in that case appealed to the Supreme Court of the United States, and the Supreme Court of the United States, in Cause No. 621, decided January 13, 1964, dismissed the appeal for want of jurisdiction.

Exactly the same points attacking the validity of the annexation ordinances in the Pennington and Winship cases, are being raised in the present cause.

Plaintiffs claim that for the first time they are raising the question of the constitutionality of the city charter of the City of Corpus Christi relating to annexation.

Reading the opinion in the Winship case, it can be seen that the plaintiffs in that case made the contention that the annexations amounted to a taking of their property without due process of law, in violation of the Constitutions of the State of Texas and the United States, and were void. Certainly the validity of the city charter provisions of the City of Corpus Christi regarding annexation were under attack at that time.

Be that as it may, a home rule city, such as Corpus Christi, may provide in its charter for any form of annexation, as noted above.

■ The annexation of lands to a city or town has been held without exception to be purely a political matter, entirely within the power of the Legislature of the State to regulate.

In Hunter v. Pittsburgh, 207 U.S. 161, at pp. 178–179, 28 S.Ct. 40, at pp. 46–47, 52 L.Ed. 151, the Supreme Court of the United States said:

"Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them. For the purpose of executing these powers properly and efficiently they usually are given the power to acquire, hold, and manage personal and real property. The number, nature and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State. Neither their charters, nor any law conferring governmental powers, or vesting in them property to be used for governmental purposes, or authorizing them to hold or manage such property, or exempting them from taxation upon it, constitutes a contract with the State within the meaning of the Federal Constitution. The State, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right by contract or otherwise in the unaltered or continued existence of the corporation or its powers, and there is nothing in the Federal Constitution which protects them from these injurious consequences. The power is in the State and those who legislate for the State are alone responsible for any unjust or oppressive exercise of it."

As stated in 62 C.J.S. Municipal Corporations § 41, at p. 122:

"Changing such territorial limits is primarily a legislative function, and, subject to such constitutional

restrictions as may exist, the legislature has a practically unlimited power to alter the boundaries of a municipal corporation as the public welfare demands, even without the consent of, or notice to, the municipality, its inhabitants, or the inhabitants of the territory affected."

In a very fine article on the annexation of new territory by Texas cities, Truman O'Quinn, in 39 Texas Law Review 172, points out that under our present Texas Constitution and statutes, home rule cities in Texas are unbridled in their method of annexation and their actions thereunder.

Although we may disagree with the mode of annexation or annexations themselves, the remedy of those aggrieved is not in the courts, but in the State Legislature.

The Plaintiffs in this cause are asking the Court to either enjoin the collection of taxes by the City of Corpus Christi on property annexed by the ordinances under attack, or to impound taxes already collected or to be collected in the future, until a final determination of this cause. This, the Court cannot do.

28 U.S.C. § 1341, provides:

"The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."

The Texas remedies have been held to be completely adequate. Norton v. Cass County, 5th Cir., 115 F.2d 884; and City of Orange, Texas v. Levingston Shipbuilding Co., 5th Cir., 1958, 258 F.2d 240.

Other allegations in Plaintiffs' complaint state that some of them, we would imagine by the application of building codes, licensing of businesses, etc., have been deprived of their right to follow their business practices, and have therefore been damaged.

There is no diversity of citizenship alleged, and even if existing the amount in controversy is not alleged to be over $10,000.00 so as to give this Court jurisdiction.

Finding no federal question present in this case, and finding, further, that the annexation ordinances under attack here have already been upheld by the State courts of Texas, the motion of the City of Corpus Christi is hereby granted.

It is, therefore, ordered, adjudged and decreed by the Court that this action be and the same is hereby dismissed.