Wesley HAMMONDS et al., Appellants,

v.

CITY OF CORPUS CHRISTI, TEXAS, Appellee.

No. 21561.

United States Court of Appeals Fifth Circuit.

March 31, 1965.

Rehearing Denied April 27, 1965.

------

Sidney P. Chandler, Corpus Christi, Tex., for appellants.

I. M. Singer, Robert E. Young, Corpus Christi, Tex., for appellee.

Before HUTCHESON, RIVES and JONES, Circuit Judges.

HUTCHESON, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the Southern District of Texas, Judge Garza, dismissing appellants' suit.

Appellants, alleging that two annexation ordinances are unconstitutional and void as to them, sought an injunction prohibiting the city from asserting any control over the alleged annexed territory, including, but not limited to, its attempt to collect city taxes.

Urging that the selection of their property for annexation and the exclusion of certain other similar property in the area were arbitrary and not based upon any reasonable classification, appellants insist that the complained of action denies them the equal protection of the laws in that the exercise of municipal authority by the city over the area is an abridgment of the privileges and immunities of the citizens of the area, deprives them of their liberty and property without due process of law, and denies them equal protection of the law in that property of inhabitants in an excluded territory adjacent to the city is exempted from city municipal authority, regulations, and taxes. It is also alleged that the selection of the property to be annexed was designed to favor certain persons by excluding their property so they would not have to pay city taxes on it.

■ Appellee contends that the annexations were properly proposed by the city council and approved by the voters in elections held in accordance with state law, including the city charter. Some of the complainants have previously attacked the annexations in state court suits, and they were there held valid. Winship et al. v. City of Corpus Christi, 373 S.W.2d 844 (Tex.Civ.App.1964—error ref'd n. r. e. by Tex.Sup.Ct.) (Appeal pending in U. S. Supreme Court); Pennington et al. v. City of Corpus Christi, 363 S.W.2d 502 (Tex.Civ.App.1962—error ref'd n. r. e.) (Appeal dismissed by U. S. Supreme Court, 375 U.S. 439, 84 S.Ct. 507, 11 L.Ed.2d 471). The only limitation under Texas law on the power of a home rule city like appellee to annex additional territory is that the territory shall be adjacent to the city and not included within the boundaries of any other municipality.

■ The trial judge filed a memorandum opinion,[1] asserting as grounds for his dismissal: (1) the annexation of lands to a city has been held without exception to be purely a political matter, entirely within the power of the State Legislature to regulate; (2) the court has no power to either enjoin the collection of city taxes on the property annexed or to impound taxes already collected because there is a plain, speedy and efficient remedy in the courts of Texas; (3) there is no diversity alleged and the amount in controversy is not alleged to be over $10,000; (4) there is no federal question present; and (5) the annexation ordinances under attack here have already been upheld by the Texas courts.

1. Hammonds et al. v. City of Corpus Christi, 226 F.Supp. 456.

The appellants rely upon many cases dealing with the protection afforded by the 14th Amendment, but none which specifically relate to an annexation situation. The judge and appellee rely upon Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907). Although the judge quoted at length from that opinion, appellants neither cite the case nor make any attempt to distinguish it. The Tenth Circuit, in International Harvester Co. v. Kansas City, 308 F.2d 35, also cited with approval and quoted from the Hunter case.

We find no error or fault in the opinion and judgment of the district court, and they are affirmed.