**DEANE HILL COUNTRY CLUB, INC., Plaintiff-Appellant,**

v.

**CITY OF KNOXVILLE and George F. McCanless, Attorney General of Tennessee, Defendants-Appellees.**

No. 17135.

United States Court of Appeals Sixth Circuit.

June 16, 1967.

William E. Badgett, Knoxville, Tenn., for appellant.

Robert L. Crossley, Knoxville, Tenn., for City of Knoxville.

Milton P. Rice, Nashville, Tenn., for McCanless, Atty. Gen.

Before CELEBREZZE and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PECK, Circuit Judge.

In 1960, the City of Knoxville, Tennessee, (the "City") annexed approximately 150 acres of land owned by plaintiff pursuant to Ordinance No. 3050. In this action, plaintiff attacks the ordinance and the state act authorizing said ordinance as unconstitutional under the Fifth and Fourteenth Amendments of the federal constitution.

The statutory provision pursuant to which Ordinance No. 3050 was adopted, section 6–309, Tenn.Code Anno., provides:

"A municipality * * * upon its own initiative when it appears that the prosperity of such municipality and [affected] territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered, after notice and public hearing, by ordinance, may extend its corporate limits by annexation of such territory adjoining its existing boundaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as ·the municipality as a whole * * *."

■ The complaint charges that plaintiff's property has, as a result of the annexation, been subjected to liens for the payment of city taxes, the proceeds of which are and were partially applied to the City's preexisting bonded indebtedness. This allegedly constitutes a taking of plaintiff's property for public use without compensation, in violation of the Fifth Amendment. The complaint further alleges that the ordinance and statute in question deprives plaintiff of its property without due process of law and deprives plaintiff of equal protection of the law under the Fourteenth Amendment of the Constitution for the reasons that plaintiff was not represented on the City Council which enacted the ordinance; that plaintiff was afforded no voice or vote on the annexation proposal by means of referendum; that the statute empowers the City to withhold from the annexed area any and all municipal

functions and services; and that the statute is invalid since it was enacted by a malapportioned Tennessee legislature. This latter contention was abandoned by plaintiff at oral argument before this court and it therefore will not be considered. Plaintiff requested that the City be enjoined from enforcement of Ordinance No. 3050 and that judgment be rendered against the City for the amount of taxes which were allegedly illegally exacted.

As the basis for federal jurisdiction, plaintiff relied solely on 28 U.S.C. § 1343 (3), so-called Civil Rights jurisdiction. This section provides in pertinent part:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: * * *

"(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States * * *."

Section 1343(3) being jurisdictional only, it was incumbent on plaintiff to direct the court to a "law" pursuant to which its suit was "authorized * * * to be commenced." Although plaintiff failed to do this, it may be surmised by the reference in its brief to Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed. 2d 663 (1962), that plaintiff intended the action to be brought under 42 U.S.C. A. § 1983.

■ This section provides that:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

However, this statute is inapplicable in the present case. The Supreme Court

**324**

held in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that municipalities were not "persons" within the meaning of section 1983. Although the Court in *Monroe* was confronted with a case in which claimants sought damages against a municipal corporation, the Court seemingly settled the question of whether equitable relief against a municipality could be obtained under Section 1983. In a footnote, the Court referred to Douglas v. City of Jeanette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943) and Holmes v. City of Altanta, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 776 (1955), in which equitable relief had been sought against defendant municipalities under Section 1983. Noting that the question had not been raised in those cases, the Court stated, "Since we hold that a municipal corporation is not a 'person' within the meaning of § 1983, no inference to the contrary can any longer be drawn from those cases." Monroe v. Pape, supra, 365 U.S. at 191, n. 50, 81 S.Ct. at 486. This court's decision in Cuiksa v. City of Mansfield, 6 Cir., 250 F.2d 700 (1957), was also cited approvingly by the Court in the footnote mentioned. Ibid. See also Wallach v. City of Pagedale, 359 F.2d 57 (8th Cir. 1966); Sheridan v. Williams, 333 F.2d 581 (9th Cir. 1964); Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U.S. 980, 83 S.Ct. 1115, 10 L.Ed.2d 144 (1963). Thus Title 42 U.S.C. § 1983 has no application to the claim alleged against defendant City of Knoxville.

■ Nor can this action be maintained against defendant McCanless, Attorney General of the State of Tennessee, under section 1983. Clearly the State of Tennessee is not liable as a "person" within the meaning of this section (See e. g., United States ex rel. Lee v. State of Illinois, 343 F.2d 120 (7th Cir. 1965)), and because section 1983 imposes liability only upon a person who "subjects, or causes to be subjected" any other person to the deprivation of rights secured by the Constitution, it is, briefly stated, the individual's conduct which forms the basis of liability. "The Act prescribes two elements * * * (1) the *conduct* complained of must have been done by some person acting under color of law; and (2) such *conduct* must have subjected the complainant to the deprivation of rights. * * * *" Basista v. Weir, 340 F.2d 74, 79 (3d Cir. 1965) (Emphasis added). The complaint sets forth no conduct by defendant McCanless which could possibly be construed as depriving plaintiff of any rights; it merely appears that McCanless was made a party defendant because a statute of Tennessee was claimed to be unconstitutional.

The District Court, relying on Hunter v. City of Pittsburgh, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151 (1907); Hammonds v. City of Corpus Christi, 226 F. Supp. 456, aff'd 343 F.2d 162 (5th Cir.), cert. denied, 382 U.S. 837, 86 S.Ct. 85, 15 L.Ed.2d 80 (1965); and Detroit Edison Co. v. East China Township School District, 247 F.Supp. 296, recently affirmed by this court, 378 F.2d 225 (1967)), for the principle "that the annexation of lands to a city or town is purely a political matter, entirely within the power of the legislature of the State to regulate," sustained the City's motion to dismiss the complaint.

■ In Hunter v. City of Pittsburgh, supra, which was relied upon in both *Hammonds* and *Detroit Edison,* supra, the Court stated:

"Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be entrusted to them. * * * The number, nature and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State. Neither their charters, nor any law conferring governmental powers, or vesting in them property to be used for governmental purposes, or authorizing them to hold or manage such property, or exempting them from taxation upon it, constitutes a contract

with the State within the meaning of the Federal Constitution. The State, therefore, at its pleasure may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States. Although the inhabitants and property owners may by such changes suffer inconvenience, and their property may be lessened in value by the burden of increased taxation, or for any other reason, they have no right by contract or otherwise in the unaltered or continued existence of the corporation or its powers * * *."

It is clear, for the reasons set forth in Detroit Edison Co. v. East China Township School District, supra, that *Hunter* precludes constitutional challenge under the Fourteenth Amendment to annexations by municipal corporations of adjoining territories on the basis of the procedure employed or authorized by the state or because of the pecuniary repercussions in the form of the ordinary incidence of *city taxation. It follows that* the District Court properly dismissed the complaint herein.

■ In addition to the above, the judgment of the District Court should be affirmed as to defendant City on the ground of res judicata. That is, "appellant must abide the rule that a judgment upon the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other matter which might have been presented to that end." Grubb v. Public Utilities Comm., 281 U.S. 470, 50 S.Ct. 374, 74 L.Ed. 972 (1930). Here, as the District Court accurately concluded, "the Supreme Court of Tennessee has [as between the present plaintiff and defendant City] definitely and finally adjudicated the ordinance in question and statute under which it was passed to be valid."

In support of its motion to dismiss the complaint, the City through its attorney submitted to the District Court an affidavit and several certified exhibits. These documents establish, as reflected in the district judge's memorandum opinion, that the present plaintiff and others commenced an action in the state courts in 1960 for the purpose of voiding Ordinance No. 3050 and its enabling act. The trial court sustained the City's demurrer to portions of plaintiff's petition which raised many of the constitutional issues presented here, including the claim regarding the preexisting bonded indebtedness and the City's power to withhold municipal services from the annexed area. On September 7, 1962, the Supreme Court of Tennessee affirmed, State ex rel. Stall v. City of Knoxville, 211 Tenn. 271, 364 S.W.2d 898 (1962), and the United States Supreme Court denied certiorari, 372 U.S. 914, 83 S.Ct. 728, 9 L. Ed.2d 721 (1963). Several individuals, including the chief stockholder of plaintiff, were subsequently enjoined by the Tennessee Supreme Court from interfering by further lawsuits with its decision of September 7, 1962.

■■ State courts are competent to decide questions arising under the federal constitution, and federal courts most assuredly do not provide a forum in which disgruntled parties can re-litigate federal claims which have been presented to and decided by state courts. See Grubb v. Public Utilities Comm., supra; Lavasek v. White, 339 F.2d 861 (10th Cir. 1965); Chirillo v. Lehman, 38 F.Supp. 65 (S.D.N.Y.1940), aff'd, 312 U.S. 662, 61 S.Ct. 741, 85 L.Ed. 1108 (1941). Cf. Angel v. Bullington, 330 U.S. 183, 67 S. Ct. 657, 91 L.Ed. 832 (1947); Tomiyasu v. Golden, 358 F.2d 651 (9th Cir. 1966).

Plaintiff raises several objections to application of the doctrine of res judicata, all if which are without merit. First, the contention that the federal questions "if raised, were entirely pretermitted by the Supreme Court of Tennessee" is inaccurate. See State ex rel. Stall v. City of Knoxville, 211 Tenn. 271, at 276, 364 S.W.2d 898, at 900.[1] In addition, "[t]he question of the constitutional validity of the [ordinance and statute] * * * was distinctly presented by the appellant's petition and necessarily was resolved against him by the judgment * * *. Omitting to mention that question in the opinion did not eliminate it from the case or make the judgment of affirmance any the less an adjudication of it." Grubb v. Public Utilities Comm., supra, 281 U.S. at 477–478, 50 S.Ct. at 377. Secondly, after quoting at length from Stern & Gressman, Supreme Court Practice, plaintiff argues that the denial of certiorari does not make the lower court's decision the law of the Supreme Court. While this is of course true with respect to the value of a case as precedent, the relevant fact here is that the parties have had their day in court[2] and the denial of certiorari merely signifies that appellate review has been exhausted. Next, plaintiff argues that the Tennessee Supreme Court decision is not final on the federal questions raised herein, as illustrated by the fact that the Tennessee Supreme Court refused to require reapportionment in Kidd v. McCanless, 200 Tenn. 273, 292

S.W.2d 40 (1956) although the decision in the federal courts on the same issue was contra in Baker v. Carr, supra. The simple answer is that "the same" parties were not involved in both cases. Finally, plaintiff contends that had it not brought suit in the state court to test the legality of the annexation, it would have been barred in the federal courts under the abstention doctrine. In one of the cases cited by plaintiff in support of this contention, England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), the Court recognized that a party has a right to fully litigate his federal claims in a federal court rather than a state court, and that this right, by appropriate reservation, could be preserved upon application of the abstention doctrine. However, the Court further noted that a plaintiff who unreservedly litigates his federal claim in a state court may forego his right to return to the district court. The Court explicitly held "that if a party freely and without reservation submits his federal claims for decision by the state courts, litigates them there, and has them decided there, then—whether or not he seeks direct review of the state decision in this Court—he has elected to forego his right to return to the District Court." Id. at 419, 84 S.Ct. at 467. Plaintiff's contention on this point is thus without merit.

For the foregoing reasons, the judgment of the District Court dismissing the complaint herein is affirmed.

---

1. "Relators cite as error the action of the Trial Judge in sustaining demurrers to their attacks on the constitutionality, under both the State and Federal Constitutions, of the ordinances and the statutes under which they were passed. We think the action of the Trial Court was proper in this regard. The constitutionality of the statute was upheld in Witt v. Mc-Canless, 200 Tenn. 360, 292 S.W.2d 392, and again in Morton v. Johnson City, 206 Tenn. 411, 333 S.W.2d 924, and was considered established in City of Knoxville v. State ex rel. Graves, 207 Tenn. 558, 341 S.W.2d 718. These cases established the constitutionality of the statute in question and, therefore, if these ordinances under attack meet the requirements of the statutes they are valid and constitutional."

2. Although plaintiff's suit in the state court was "in the nature of quo warranto" under section 6–310, Tenn.Code Anno., it is the aggrieved property owners, not the District Attorney General, who bring and control suits thereunder in their own name. See State ex rel. Southerland v. Town of Greeneville, 201 Tenn. 133, 297 S.W.2d 68 (1956). There are thus no special circumstances which would render application of the doctrine of res judicata inappropriate here.