Catherine **LITTLETON**,
Plaintiff-Appellant,

v.

Honorable Arthur O. **FISHER** and
Honorable Harry E. **Groves**,
Defendants-Appellees.

No. 75–1424.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 8, 1975.

Decided Feb. 13, 1976.

Pleas of Montgomery County, Ohio, and a referee of that court. A disappointed litigant in a domestic relations case in the State court filed this suit against the judge and referee under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, seeking $5,000 in compensatory damages and $50,000 in punitive damages. Additionally, she sought injunctive relief and a declaratory judgment.

District Judge Carl B. Rubin granted the motion of defendants to dismiss the complaint on the ground that the plaintiff had failed to state a claim on which relief could be granted. We affirm.

█ Mrs. Littleton, the plaintiff, appeared before the referee in the Common Pleas Court seeking to set aside a previous order which had awarded custody of her seventeen year old daughter to plaintiff's ex-husband. She was not represented by an attorney and insisted on serving as her own lawyer. The referee telephoned the Common Pleas Judge and asked for instructions as to whether he should permit Mrs. Littleton to serve as her own attorney. According to the averments of the complaint, the Common Pleas Judge first instructed the referee to permit plaintiff to proceed without counsel, then, having reconsidered his decision, directed that plaintiff must be represented by a lawyer. The referee refused to proceed with the case unless and until Mrs. Littleton arranged for counsel to represent her.

Judge Rubin correctly held that this action is barred by the doctrine of judicial immunity and that both the Judge of the Court of Common Pleas and the referee are immune from suit under the facts averred in the complaint. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871); *Azar v. Conley,* 456 F.2d 1382, 1387 (6th Cir. 1972); *Garner v. Raulston,* 390 F.2d 644 (6th Cir. 1968); *Saier v. State Bar of Michigan,* 293 F.2d 756, 761 (6th Cir. 1961), *cert. denied,* 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1961); *Cuiksa v. City*

Leonard J. Schwartz, Schwartz & Fisher, Frederick M. Gittes, Columbus, Ohio, for plaintiff-appellant.

Lloyd H. O'Hara, Paul L. Horstman, Smith & Schnacke, Raymond A. White, Dayton, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and CHURCHILL, District Judge.*

PER CURIAM.

The defendants-appellees in this case are the Judge of the Court of Common

---

* Honorable James P. Churchill, Judge, U. S. District Court for the Eastern District of Michigan, sitting by designation.

*of Mansfield,* 250 F.2d 700 (6th Cir. 1957), *cert. denied,* 356 U.S. 937, 78 S.Ct. 779, 2 L.Ed.2d 813 (1958); *Kenny v. Fox,* 232 F.2d 288 (6th Cir. 1956), *cert. denied,* 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956).

The decisions of this court in *Lucarell v. McNair,* 453 F.2d 836 (6th Cir. 1972), and *Lynch v. Johnson,* 420 F.2d 818 (6th Cir. 1970), relied upon by appellant, are distinguishable on their facts and have no application to the case at bar.

■ Judge Rubin also was correct in refusing to grant an injunction with respect to the proceedings in the State court. *Huffman v. Pursue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Duke v. State of Texas,* 477 F.2d 244 (5th Cir. 1973), *cert. denied,* 415 U.S. 978, 94 S.Ct. 1565, 39 L.Ed.2d 874 (1974); *Lynch v. Snepp,* 472 F.2d 769 (4th Cir. 1973), *cert. denied,* 415 U.S. 983, 94 S.Ct. 1576, 39 L.Ed.2d 880 (1974).

Costs are taxed against appellant.

Affirmed.