**John W. TIMSON, Plaintiff-Appellant,**

v.

**Craig WRIGHT, Judge, Court of Common Pleas of Franklin County, et al., Defendants-Appellees.**

**No. 75–1300.**

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 13, 1976.

Decided March 23, 1976.

John W. Timson in pro. per.

Dick M. Warburton, Dennis S. Pines, Asst. Pros. Atty., George C. Smith, Pros. Atty., Columbus, Ohio, for defendants-appellees.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, a self-styled "concerned citizen" and "critic" who often has litigated "to expose and correct certain corrupt individuals and practices in the [Franklin County, Ohio] courts and constabulatory," instituted the instant civil rights action, pursuant to 42 U.S.C. §§ 1983, 1985, against a Franklin County common pleas judge (defendant-appellee Wright), a Franklin County assistant prosecutor (defendant-appellee Romanoff), the common pleas' chief probation officer (defendant-appellee Smith), and the attorney-in-fact for the bonding company of the three officials (defendant-appellee Hucle). Appellant claimed that the three defendant-appellee officials conspired to and did under color of state law deprive him of various constitutional rights (freedom of speech and association, right to counsel, due process, equal protection) by, *inter alia*, falsely prosecuting him, discriminatorily requiring him to report to probation officials daily, and attempting to coerce him to produce the records of "A Concerned Citizen, Inc."

Being fully at issue, this appeal was placed on the calendar for hearing on the merits on a day certain, and the parties were notified of such setting. Pursuant to that notice, counsel for the defendants-appellees responded when the case was called for oral argument, but there was no response by or on behalf of the plaintiff-appellant. The case was thereupon passed, and was again called at the termination of arguments of all of the other cases scheduled for hearing on that date. When there was again no response either by or on behalf of the plaintiff-appellant, the Presiding Judge announced that the case would be regarded as having been submitted on the record on appeal and on the briefs of the parties, and it has been so considered. This failure to respond remains unexplained.

The district court filed two memorandum opinions granting appellees' motions to dismiss on the ground that appellant lacked standing to challenge appellee Romanoff's actions regarding defendants in criminal proceedings in no way connected with the present action, and that appellees Wright, Romanoff and Smith are protected by judicial, or quasi-judicial, immunity. We affirm.

Even taking the allegations of the complaint as true and construing them favorably to plaintiff-appellant, as we must for present purposes, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974), we conclude that there is not the "remotest" allegation of racial or class animosity which would state a claim under 42 U.S.C. § 1985. See, e. g., *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338, 348 (1971); *Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973); *Crabtree v. Brennan*, 466 F.2d 480 (6th Cir. 1972). Likewise so accepting the allegations and construing them, judicial, or quasi-judicial, immunity shields Wright, see, e. g., *Littleton v. Fisher*, 530 F.2d 691 (6th Cir., filed February 13, 1976), and the cases cited therein, Romanoff, see, e. g., *Imbler v. Pachtman*, —— U.S. ——, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), *Peek v. Mitchell*, 419 F.2d 575, 578–79 (6th Cir. 1970) (dictum), *Puett v. City of Detroit*, 323 F.2d 591 (6th Cir. 1963), *cert. denied*, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964), *Fine v. City of New York*, 529 F.2d 70 (2d Cir. 1975), *Grow v. Fisher*, 523 F.2d 875, 877 (7th Cir. 1975), and Smith, see, e. g., *Burkes v. Callion*, 433 F.2d 318 (9th Cir. 1970), *cert. denied*, 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971), *Harmon v. Superior Court*, 329 F.2d 154 (9th Cir. 1964), *Morrow v. Igleburger*, 67 F.R.D. 675, 683–84 (S.D. Ohio 1974), *Reiff v. Commonwealth of Pennsylvania*, 397 F.Supp. 345, 348 (E.D.Pa. 1975), *Friedman v. Younger*, 282 F.Supp. 710, 713–14 (C.D.Cal.1968), from plaintiff-appellant's claim for money damages.

Affirmed.