**LaVelle McDANNALD, Plaintiff,**

v.

**ATTORNEY GENERAL JOHN HILL, and Judge Hugh Gibson, Defendants.**

**Civ. A. No. 76–G–121.**

United States District Court, S. D. Texas, Galveston Division.

Sept. 20, 1977.

---

14. See Peck, *Laird v. Nelms, supra* at 402–403.

LaVelle McDannald, pro se.

David M. Kendall, Jr., First Asst. Atty. Gen., Austin, Tex., for Atty. Gen. John Hill.

William D. Decker, Galveston, Tex., for Judge Hugh Gibson.

## MEMORANDUM OPINION

COWAN, District Judge.

The above-styled matter came on to be heard in oral argument in connection with defendant's Motion to Dismiss the plaintiff's complaint for failure to state a claim upon which relief could be granted. The Court allowed plaintiff to appear and offer oral argument in support of her position and in opposition to the defendants' Motion to Dismiss, and granted to plaintiff a fifteen-day period of time in which to obtain counsel or demonstrate to the Court why the authorities cited below do not control this matter.

The fifteen-day period of time having elapsed, and plaintiff having failed to make legally satisfactory response, the motions of defendants are GRANTED and the above-styled cause is DISMISSED with prejudice, with costs assessed against the plaintiff.

## FACTUAL BACKGROUND

For purposes of this motion, the Court accepts as true all of the allegations of the plaintiff's complaint. These allegations reveal that the defendant Hugh Gibson is the Judge of the 56th District Court of Galveston County, Texas, who allegedly rendered a summary judgment against the plaintiff in a litigated matter, and that the defendant John Hill is the Attorney General of the State of Texas who declined to institute a quo warranto proceeding at the request of the plaintiff.

This controversy arises from a hotly contested incorporation election occurring on December 7, 1961. A total of 386 citizens of the area which became the City of League City voted for incorporation, and 201 voted against. Thereafter, League City was duly certified under the statutes of the State of Texas as a Home Rule city on May 3, 1962.

Thereafter, for a ten-year period, plaintiff instituted no legal action to challenge the validity of the incorporation, failed to follow the procedure prescribed in Art. 1051, Texas Revised Civil Statutes, which sets forth a procedure by which a person living within an incorporated town or village may challenge the tax assessment of his property before the Board of Equalization. In addition, during this ten-year period of time, while the plaintiff was simply refusing to pay taxes and taking no action whatsoever to assert or protect any legal rights which she may have had, the Legislature of the State of Texas on three separate occasions passed validating statutes, validating the incorporation of cities such as League City, which had previously been incorporated. See: Arts. 974d-10, 974d-11, 974d-13, V.A.T.S. Under the laws of the State of Texas, such validating acts have

the effect of validating annexations by a city, even though totally void ab initio. *City of Grand Prairie v. Turner,* 515 S.W.2d 19 (Tex.Civ.App.—Dallas 1974, error ref'd, n. r. e.) and *State v. City of Hurst,* 519 S.W.2d 698 (Tex.Civ.App.—Fort Worth 1975, error ref'd, n. r. e.)

During the ten-year period of time after the annexation, plaintiff was not devoid of legal remedies. If she wished to complain of the manner in which her property was assessed for taxation, a procedure existed under Art. 1051, Texas Revised Civil Statutes, whereby she was legally entitled to challenge the fairness of her assessment. In addition, the Supreme Court of Texas, in *City of West Lake Hills v. City of Austin,* 466 S.W.2d 722, 727 (Tex.1971) has said:

> "It is well established that private parties who are directly affected may collaterally attack a void incorporation or annexation. *Walling v. North Central Texas Municipal Water Authority,* 162 Tex. 527, 348 S.W.2d 532 (1961); *City of Corsicana v. Willmann,* 147 Tex. 377, 216 S.W.2d 175 (1949); *Parks v. West,* 102 Tex. 11, 111 S.W. 726 (1908). . . ."

Only after suit was instituted by League City for the purpose of collecting ten years of back taxes, did the plaintiff take any legally cognizable action to challenge the validity of the annexation. By 1971, rights had vested. This Court takes judicial knowledge of the fact that during the interim, the vast majority of the tax payers of League City had relied upon the validity of the incorporation by paying taxes. The plaintiff's complaint indicates that during this period of time, League City had issued bonds, which had been sold. During the ten years in which plaintiff failed to take legal action but merely refused to pay taxes, rights had vested, and numerous parties had relied extensively upon the validity of the incorporation of the City of League City.

Plaintiff herein defended the tax suit by the City of League City vigorously, and ultimately Judge Hugh Gibson granted the City of League City's motion for summary judgment, which was affirmed by the Court of Civil Appeals and the Supreme Court of Texas. Review of the concise, thoughtful opinion of Chief Justice Tunks of the Houston Court of Civil Appeals reveals the propriety of Judge Gibson's action in granting the summary judgment. See: *McDannald, Appellant v. League City, Appellee,* 528 S.W.2d 880 (Tex.Civ.App.—Houston [14th dist.] 1975, error ref'd, n. r. e.) The state courts have the duty—just as does this Court—to protect the plaintiff's constitutional rights. Chief Justice Tunks' published opinion reveals conclusively that defendant, The Honorable Hugh Gibson, very carefully and conscientiously protected all of the plaintiff's rights under the Constitutions of the United States and the State of Texas.

Defendants here have filed motions to dismiss the complaint on the grounds that the complaint does not state a claim upon which relief can be granted.

### APPLICABLE LAW

█ Plaintiff, having failed in her state court litigation now alleges that this Court has jurisdiction over this controversy by virtue of 28 U.S.C. § 1343(3), which says that:

> "The district court shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States, or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; . . ."

It is well established that 28 U.S.C. § 1343 does not abrogate the doctrine of judicial immunity. *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Littleton v. Fisher,* 530 F.2d 691 (6th Cir. 1975). Justice Gibson's motion to dismiss is thus valid on the basis of the doctrine of judicial immunity; however, even if it were not for the doctrine of judicial immunity, the plaintiff's complaint, as will be dis-

cussed in more detail below, fails to state a claim upon which relief can be granted. The claim against Attorney General Hill is probably also barred by the doctrine of official immunity. See: *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) and *Wilhelm v. Turner*, 431 F.2d 117 (8th Cir. 1970); but even if the doctrine of judicial immunity were not applicable to Attorney General Hill, it is well established that his obligation to institute a quo warranto proceeding is a matter which lies entirely within his discretion. See: Art. 6253, V.A.T.S. The Court holds that the Attorney General's action in declining to institute a quo warranto proceeding here did not, as a matter of law, deprive this plaintiff of any constitutionally protected right and that plaintiff had no right to insist upon the institution of a quo warranto proceeding.

█ Even if it were not for the doctrine of judicial immunity, plaintiff's complaint here clearly, under the law of this Circuit and of the United States, fails to state a complaint upon which relief may be granted. In *Hammonds v. City of Corpus Christi*, 226 F.Supp. 456 (S.D.Tex.1964), Judge Garza, now the Chief Judge of the Southern District of Texas, dismissed a suit challenging an annexation, holding that the annexation of lands to a city is a purely political matter, entirely within the power of the State Legislature to regulate, and that no federal question was presented. This decision was affirmed by Circuit Judge Hutcheson in *Hammonds v. City of Corpus Christi*, 343 F.2d 162 (5th Cir. 1965), and is consistent with the law as enunciated in *Deane Hill Country Club, Inc. v. City of Knoxville*, 379 F.2d 321 (6th Cir. 1967) and *Adams v. City of Colorado Springs*, 308 F.Supp. 1397 (D.C.Colo.1970)—affirmed by the Supreme Court of the United States at 399 U.S. 901, 90 S.Ct. 2197, 26 L.Ed.2d 555 (1970).

## CONCLUSION

Plaintiff's complaint here set out her alleged grievance in great and intricate factual detail. Accepting as true every allegation contained therein, it does not state a claim upon which relief can be granted. Defendants' motion to dismiss is GRANTED and judgment entered that plaintiff's cause be in all things DISMISSED at plaintiff's cost.