889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
Joseph HOOD, U.S. Magistrate, Eugene Siler, Jr., Judge,
Defendants-Appellees.
 No. 89-5841.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1989.
 
 1
 Before MERRITT, Chief Judge, KENNEDY, Circuit Judge, and R. ALLEN EDGAR, District Judge.*
 
 ORDER
 
 2
 The defendants move to dismiss this appeal from the district court's order dismissing this Bivens case. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Plaintiff Bond has responded to the motion, and the defendants have replied to Bond. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The motion to dismiss does not argue that Bond's appeal was untimely or was taken from a nonappealable order. Therefore, the motion is in the nature of a motion to affirm. Motions to affirm are not allowed under the rules of this court. See Rule 8(a)(3), Rules of the Sixth Circuit. Therefore, the motion to dismiss will be denied.
 
 
 4
 Bond is a prisoner in the Kentucky state prison system. The defendants are a district court judge and magistrate. Bond filed a document requesting a motion for injunctive relief against Judge Siler. He also filed a complaint requesting money damages from Magistrate Hood. Both requests were premised on the theory that the magistrate lacked consent to consider one of Bond's cases pending in the district court.
 
 
 5
 The case was referred to Judge Forester, who sua sponte dismissed the case under 28 U.S.C. Sec. 1915(d) (1982). Such a dismissal is proper if the case is frivolous. Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir.1985) (per curiam). A complaint is frivolous where it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1982).
 
 
 6
 Here the case against the magistrate lacks an arguable basis in law. Judges are entitled to absolute immunity from damages for actions taken in their judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Magistrates receive this same immunity. Ryan v. Bilby, 764 F.2d 1325, 1328 n. 4 (9th Cir.1985); see also Littleton v. Fischer, 530 F.2d 691, 692 (6th Cir.1976) (per curiam). In the present case, the magistrate was clearly acting in his judicial capacity and is entitled to immunity from damages.
 
 
 7
 Bond's request for injunctive relief is not barred by judicial immunity. Supreme Court of Va. v. Consumer Union of the United States, Inc., 446 U.S. 719, 735-36 (1980). Nevertheless, Bond is not entitled to an injunction because his argument on this issue lacks merit. The reference of this case to the magistrate was not made under 28 U.S.C. Sec. 636(c)(1) (West Supp.1989), which requires the consent of the parties. The reference was made under Sec. 636(b)(1)(B), which does not require the consent of the parties because the magistrate's recommendation receives de novo review from the district court judge. Flournoy v. Marshall, 842 F.2d 875, 877-78 (6th Cir.1988). Therefore, the district court correctly denied Bond's request for injunctive relief. The district court's order will be affirmed.
 
 
 8
 In addition to deciding this case, we wish to address another issue. Since the beginning of this year, Bond has filed twenty appeals in this court. Many of these appeals involve judges, magistrates, and witnesses who are entitled to absolute immunity. None of the appeals appears meritorious. Therefore, Bond's frivolous appeals constitute an abuse of in forma pauperis status.
 
 
 9
 Numerous courts have approved the requirement of a partial filing fee to discourage frivolous litigation. Collier v. Tatum, 722 F.2d 653, 655 (11th Cir.1983) (and cases cited there). As the Seventh Circuit has indicated, the purpose of a partial filing fee is to force the plaintiff to think about the case and not just to file his complaints reflexively. Lumbert v. Illinois Dep't of Corrections, 827 F.2d 257, 259 (7th Cir.1987). This court has previously entered an unpublished order requiring such a partial filing fee from a prolific litigant. May v. Warner Amex Cable Communications, Nos. 88-3802/4029 (6th Cir. Feb. 28, 1989).
 
 
 10
 Therefore, we order that Bond be required to pay a $15 filing fee for every appeal or original action which he files in this court in the future. We also authorize the district court to require a similar payment for cases filed in the district court if the court considers such a requirement to be appropriate. We warn Bond that, if he continues to file frivolous complaints and appeals, his right to proceed in forma pauperis will be completely revoked.
 
 
 11
 The motion to dismiss is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument. Bond is ordered to pay a $15 filing fee for each appeal or original action which he files in this court in the future.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation