891 F.2d 289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
James F. COOK, Defendant-Appellee.
 No. 89-5842.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant moves to dismiss this appeal from the district court's order dismissing this Bivens case. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). Plaintiff Bond has filed a response to the motion. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, plaintiff Bond alleged that the defendant, a district court magistrate, violated Bond's right of access to the court by considering Bond's case without his consent. Bond requested $50,000 in damages. The district court sua sponte dismissed the case because the magistrate was absolutely immune from liability for damages.
 
 
 3
 The motion to dismiss does not argue that Bond's appeal was untimely or was taken from a nonappealable order. Therefore, the motion to dismiss is actually a motion to affirm. Motions to affirm are not allowed under the rules of this court. See Rule 8(a)(3), Rules of the Sixth Circuit. Therefore, the motion to dismiss will be denied.
 
 
 4
 The district court can dismiss a case sua sponte if the case is frivolous. 28 U.S.C. § 1915(d); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986). A complaint is frivolous where it lacks an arguable basis in law or in fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). An example of a complaint which lacks an arguable basis in law is a case involving an immunity defense. 109 S.Ct. at 1833.
 
 
 5
 In this case, the defendant possesses a valid immunity defense. A judge is immune to a suit for damages as long as he acts in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). This immunity extends to magistrates. Ryan v. Bilby, 764 F.2d 1325, 1328 n. 4 (9th Cir.1985); see also Littleton v. Fischer, 530 F.2d 691, 692 (6th Cir.1976) (per curiam). Because the magistrate in this case was clearly acting within his judicial capacity, the district court correctly held that he was entitled to absolute judicial immunity.
 
 
 6
 The motion to dismiss the appeal is denied. The order of the district court is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.