892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Merton BOND, Plaintiff-Appellant,
v.
George LONG, Defendant-Appellee.
 Nos. 89-5723, 89-5786.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Bond appeals from the district court's order dismissing the case and order denying a motion for reconsideration in this Bivens action. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). These appeals have been referred to a panel of court pursuant Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bond is a prisoner at the Luther Luckett Correctional Complex in LaGrange, Kentucky. The defendant is a federal district court magistrate. In his complaint, Bond alleged that the magistrate improperly considered Bond's case without his consent. Bond requested $31,000 in damages.
 
 
 3
 The district court dismissed the case based on an immunity defense. Bond then filed a motion to reconsider and a notice of appeal. The district court subsequently denied the motion to reconsider. Bond filed a second notice of appeal.
 
 
 4
 Concerning the first notice of appeal, the general rule is that a notice of appeal filed while a motion for reconsideration is pending is a nullity. Fed.R.App.P. 4(a)(4); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 60-61 (1982). Because the first notice of appeal was filed while the motion for reconsideration was pending, this court lacks jurisdiction over the appeal. All of Bond's arguments will be considered in the second appeal.
 
 
 5
 Concerning the magistrate's immunity defense, the general rule is that a judge is immune from liability for damages as long as the judge acted within his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). This immunity extends to magistrates. Ryan v. Bilby, 764 F.2d 1325, 1328 n. 4 (9th Cir.1985); see also Littleton v. Fischer, 530 F.2d 691, 692 (6th Cir.1976) (per curiam) (state court referee is entitled to absolute judicial immunity). In the present case, the magistrate was clearly acting within his judicial capacity. Therefore, the district court correctly held that he is immune from liability for damages.
 
 
 6
 It should also be noted in passing that the district court reference to the magistrate was made under 28 U.S.C. § 636(b)(1)(B) (West Supp.1989). No consent is necessary for a reference under this section because the magistrate's report receives de novo review from the district court judge. Flournoy v. Marshall, 842 F.2d 875, 877-78 (6th Cir.1988).
 
 
 7
 The appeal in No. 89-5723 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The order of the district court in No. 89-5786 is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.