19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James P. SIGLER, Plaintiff-Appellant,
v.
George W. TWYFORD; Thomas M. Tyack; Jay Sanford,
Defendants-Appellees.
 No. 93-3891.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 James P. Sigler, an Ohio resident, appeals pro se from the dismissal of his complaint, filed under 42 U.S.C. Sec. 1983, for failure to state a claim. Fed.R.Civ.P. 12(b)(6). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Sigler filed this complaint against a state domestic relations judge, the court referee, and the attorney who represented his ex-wife in a post-divorce decree visitation and support dispute, alleging that he had been falsely arrested in violation of his constitutional rights. The defendants filed motions to dismiss the complaint on the grounds that the judge and referee were entitled to judicial immunity and the attorney was not a state actor. The district court granted the motions and dismissed the complaint with prejudice.
 
 
 3
 Upon review, it is concluded that this complaint was properly dismissed pursuant to Fed.R.Civ.P. 12(b)(6), as Sigler could prove no set of facts which would entitle him to relief. See Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990).
 
 
 4
 Judges are absolutely immune from suit unless the act complained of is nonjudicial in nature, or the judge is acting in the complete absence of jurisdiction. Mireles v. Waco, 112 S.Ct. 286, 288 (1991) (per curiam); King v. Love, 766 F.2d 962, 965 (6th Cir.), cert. denied, 474 U.S. 971 (1985). Jailing persons for contempt of court is a function normally performed by a judge. Id. at 966. Sigler also concedes that the visitation and support dispute was pending before the judge. Accordingly, the judge is entitled to immunity. The immunity also extends to the court referee. See Littleton v. Fisher, 530 F.2d 691, 692 (6th Cir.1976) (per curiam).
 
 
 5
 The complaint was also properly dismissed as to the attorney, as he is not a state actor subject to liability under Sec. 1983, in spite of Sigler's argument that he is an officer of the court. See Dahlberg v. Becker, 748 F.2d 85, 93 (2d Cir.1984), cert. denied, 470 U.S. 1084 (1985); cf. Polk County v. Dodson, 454 U.S. 312, 321 (1981).
 
 
 6
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.