85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jasper LOVE, Plaintiff-Appellant,
v.
CITY OF GRAND RAPIDS; Kurt Kimball; Edward Lumas; Robert
Atkinson; Donald Lesher; Gail Hoorn; Merl's Towing, Inc.;
Merlin Zuiderveen; Ervin C. Campbell, Jointly and
severally, Defendants-Appellees.
 No. 95-1759.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 Jasper Love, a pro se Michigan citizen, appeals a district court order granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1982 and 1983. He also asserted that the defendants violated the Michigan Constitution and the Michigan Vehicle Code and intentionally inflicted emotional distress upon him. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Love alleged various constitutional violations in connection with his application for a secondhand dealer's business license. In 1988, Love applied for such a license under the name of Tri Star Auto Sales for a location at 1026/1040 South Division in Grand Rapids, Michigan. In 1989, Love was informed that his use of the property violated City of Grand Rapids ordinances. Love requested a zoning variance but the Zoning Board of Appeals denied his request.
 
 
 4
 In April of 1990, Love was issued an appearance ticket as a result of his continued violation of the zoning ordinances. Love did not bring his property into compliance with the zoning ordinances, and in September of 1990, a jury found Love guilty of operating a junk yard in a C-4 and R-3 zone. Love was fined and placed on probation. Love's probation required him to bring his property into compliance with the Grand Rapids zoning ordinances. Love filed an appeal but did not bring his property into compliance. The appeal was dismissed for lack of progress.
 
 
 5
 At a hearing held on April 12, 1991, Love was found guilty of a probation violation, and his probation was revoked. Love was ordered to "remove all used cars, disabled parts, tires, scrap, or salvaged materials, including lumber and paneling or city will remove and [Love] will be personally billed all costs of removal of property." Love failed to comply with the order directing him to remove the described property and was convicted of another zoning violation. At Love's sentencing, the court ordered Love to bring his property into compliance with the Grand Rapids zoning ordinances or the City of Grand Rapids could secure compliance and charge Love the cost of remediation. Love appealed his conviction but did not clean up his property. On March 23 and 24, 1993, the City of Grand Rapids removed existing zoning violations pursuant to a court order. On March 25, 1993, Love obtained a stay of the proceedings but by that time most of the property had been removed. The appeals relating to Love's second conviction and probation violation have been dismissed.
 
 
 6
 The defendants filed motions for summary judgment. In an opinion filed June 9, 1995, the district court granted summary judgment in favor of all of the defendants. This timely appeal followed.
 
 
 7
 Upon review, we conclude that summary judgment was proper as there was no genuine issue as to any material fact and the defendants were entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 8
 Summary judgment in favor of the City of Grand Rapids and the named City of Grand Rapids defendants was proper because municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless the deprivation resulted from a custom or policy of the governmental entity. See Pembaur v. City of Cincinnati, 475 U.S. 469, 477-81 (1986); Monell v. New York Dep't of Social Servs., 436 U.S. 658, 691-95 (1978). Love has not shown that the City of Grand Rapids has a custom or policy which resulted in the violation of his constitutional rights.
 
 
 9
 Summary judgment in favor of defendant Kimball was proper because Love did not establish that defendant Kimball was personally involved in or had knowledge of the alleged unconstitutional conduct. Monell, 436 U.S. at 692; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 10
 Summary judgment in favor of defendants Atkinson and Hoorn was proper because these defendants enjoy absolute immunity from suits for damages on claims arising out of the performance of their duties. See Imbler v. Pachtman, 424 U.S. 409, 424-26 (1976); Timson v. Wright, 532 F.2d 552, 553 (6th Cir.1976) (per curiam).
 
 
 11
 Summary judgment was properly entered for defendants Lumas, Lesher, Zuiderveen, and Merl's Towing, Inc. Love's claims against these defendants focused on the removal of vehicles from Love's property at 1026/1040 South Division. The record indicates that these vehicles were removed pursuant to an order of the 61st District Court, and Love made no attempt to contest the existence or validity of this court order. The defendants, in carrying out the court's order, therefore did not deprive Love of a right secured by the Constitution.
 
 
 12
 Summary judgment was proper regarding Love's claims asserted under 42 U.S.C. §§ 1981 and 1982. Love's vague allegations of racial animosity and conspiracy are wholly conclusory and unsupported by any specific facts. As such, they are insufficient to withstand a motion for summary judgment. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 930 (6th Cir.) (per curiam), cert. denied, 484 U.S. 945 (1987).
 
 
 13
 Finally, because the district court properly granted summary judgment dismissing Love's federal claims, the court may decline to exercise supplemental jurisdiction over state law claims, see 28 U.S.C. § 1367, and properly so declined in this case.
 
 
 14
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation