**LEAGUE OF WOMEN VOTERS OF the UNITED STATES, et al., Plaintiffs,**

v.

**Alvin G. FIELDS, Jr., et al., Defendants.**

**Civ. No. 72–19.**

United States District Court, E. D. Illinois.

Dec. 11, 1972.

Thomas R. Ewald, Sarel M. Kandell, League of Women Voters Education Fund, Washington, D. C., Joseph Cohn, Rex Carr, Howard Boman, East St. Louis, Ill., for plaintiffs.

William R. Hotto, Hotto, Adams, & Marsh, Fairview Heights, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:

This action is brought pursuant to 42 U.S.C. § 1983 by national and local chapters of the League of Women Voters, certain registered voters of the City of East

Saint Louis suing for themselves and all others similarly situated, and certain registered voters of the State of Illinois, suing for themselves and all others similarly situated. The defendants are election officials of the City of East Saint Louis.

It is alleged that the defendants, under color of state law, have caused a deprivation of rights, privileges, or immunities secured to the plaintiffs by the Constitution and laws of the United States in the following material respects:

1. Defendants have enabled persons who are not qualified to vote under state law to cast ballots and have them counted, and have allowed some persons to vote more than once, resulting in a dilution of the votes properly cast by qualified citizens;

2. Defendants have made voter registration available on a discriminatory basis, depriving other citizens of equal access to the vote.

These actions are said to deny to the plaintiffs the federal guarantees of equal protection, the right to vote (through the due process clause of the fourteenth amendment), and the right to a representative government. Plaintiffs seek declaratory and injunctive relief.

Before the Court is defendants' Rule 12 motion to dismiss for failure to state a cause of action and for want of a substantial federal question. In the alternative the defendants have moved for a more definite statement of the averments in the complaint. For the reasons stated below, the Court is of the opinion that defendants' motions should be denied.

■ As the Supreme Court stated in Reynolds v. Sims, 377 U.S. 533, 554, 84 S.Ct. 1362, 1377, 12 L.Ed.2d 506 (1964), "Undeniably the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." Clearly the states have authority to regulate voter qualifications and election procedures, see Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260,

27 L.Ed.2d 272 (1970). It is equally certain that this authority must be exercised consistently with federal constitutional requisites. Additionally, when federal offices are filled by locally-run elections, the local election officials are responsible for fulfilling federally-created duties, United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941); see also the Voting Rights Acts, 42 U.S.C. § 1971 et seq. A state apportionment statute which substantially dilutes the value of some citizens' votes merely because of the place they happen to live violates federal equal protection. Reynolds v. Sims, supra. Here the plaintiffs complain of capricious administration by state election officials of otherwise valid state laws. The effect of such administration, claim the plaintiffs, is to arbitrarily debase the value of their votes, and to make it more difficult for some of them to register to vote. The Civil Rights Act, 42 U.S.C. § 1983, was intended to reach the uneven administration by state officials of their duties when such administration infringes on a federal right. Littleton v. Berbling, 468 F.2d 389 (7th Cir., 1972). The resulting infringement need not be purposefully undertaken, see Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1970). The Court believes that the administration of valid state election laws in an uneven or unlawful manner could amount to such arbitrary administration that citizens would be denied federal rights to vote, to have their vote count equally, and to have substantially fair elections. Ury v. Santee, 303 F.Supp. 119 (N.D.Ill., 1969). To rise to the level of a federal civil rights cause of action, the alleged departures from propriety by local officials must be serious and widespread. The Court thus does not share the concern of the Second Circuit in Powell v. Power, 436 F.2d 84, 86 (2d Cir., 1970), that the federal courts will be ". . . thrust into the details of virtually every election. . . ." Mere occasional election law violations are not actionable under § 1983, Bacon v. Holzman, 264 F.Supp. 120 (N.D.Ill., 1967).

On a motion to dismiss under Rule 12, all well-pleaded facts are taken as true. In view of the preceding statement of the law, the Court cannot conclude that ". . . the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief," Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Rather, the Court concludes that plaintiffs are entitled to proceed with evidence on their claim that defendants are infringing upon rights guaranteed to plaintiffs by the Fourteenth Amendment to the United States Constitution.

Therefore, defendants' motion to dismiss is denied.

Defendants have moved in the alternative for a More Definite Statement. While the allegations of the complaint are general and conclusory, under federal notice pleading the Court feels that the defendants are sufficiently apprised of the claim to be able to frame a responsive pleading. The use of the available discovery procedures will serve to further clarify the contested issues. Therefore, defendants' motion for a More Definite Statement is denied.