**Jerry HOLBROOK, Individually, and on behalf of all other Persons similarly situated**

v.

**TENNESSEE DEPARTMENT OF EMPLOYMENT SECURITY, and Bob Bible, Commissioner.**

**No. 80–3269.**

United States District Court, M.D. Tennessee, Nashville Division.

Oct. 12, 1984.

Lenny Croce, Oak Ridge, Tenn., for plaintiff.

Frank Scanlon, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The plaintiff, Jerry Holbrook, brings this action under 42 U.S.C. § 1983 against the Tennessee Department of Employment Security, the State of Tennessee, and the Commissioner of Employment Security, Bob Bible. Plaintiff seeks declaratory and injunctive relief as well as damages resulting from the withholding of unemployment compensation benefits from plaintiff in 1980. Pending before the Court are cross-motions for summary judgment. For the reasons discussed below, the Court GRANTS in part and DENIES in part defendant's motion for summary judgment and GRANTS in part and DENIES in part plaintiff's motion for summary judgment.

Plaintiff Jerry Holbrook was declared eligible for federal unemployment compensation for ex-servicemen on March 10, 1973. He received benefits of $57.00 per week for twenty-six weeks, and during that time plaintiff reported every week to his employment security office that he had received no wages for the prior week. At some time after plaintiff began receiving benefits, the Department of Employment Security ("Department") received allegations from two employees that plaintiff had received wages for nine of those twenty-six weeks. On July 17, 1974, the Department sent plaintiff a letter indicating that a hearing was set in the matter on July 23, but the letter was returned by the post office. On October 25, 1974, another letter was sent advising him of a hearing on October 31, 1974. Plaintiff maintains that he did not receive this letter. Plaintiff did not attend the July or October meeting. The Department's decision, which was issued on November 26, 1974, indicated that plaintiff was disqualified from receiving benefits for fifty-two weeks. The decision also indicated that plaintiff had received overpayments of $492.00. The Department claimed that the plaintiff owed the Depart-

ment that amount plus penalties of $648.00 for a total of $1,140.00.

After plaintiff applied for unemployment benefits on March 24, 1980, the Department declared plaintiff eligible for unemployment benefits on April 1, 1980. He received no benefits in April; in May 1980, he was notified that because of the outstanding claim by the Department, the benefits to which he was entitled would be used as credit against the Department's claim. By June 1, 1980, the Department had withheld a total of $900.00 of unemployment compensation benefits as a credit against its claim of $1,140.00. On June 12, 1980, the Court granted plaintiff's motion for a temporary restraining order, ordering the Department to pay plaintiff immediately all unemployment benefits beginning with the week of June 1, 1980, and enjoining defendants from withholding future benefits until the Department had given plaintiff notice of his rights to appeal and to request a waiver and an opportunity for a hearing.

Plaintiff filed the action on June 23, 1980, seeking a declaratory judgment, injunctive relief, and damages. On June 18, 1980, plaintiff filed a motion for class certification. On July 7, Commissioner Bible was added as a defendant, and plaintiff also added a 42 U.S.C. § 1983 claim against defendant Bible. On January 22, 1982, the Court denied the motion for class certification. Over the next year and one-half, the parties were involved in serious negotiations but were unable to resolve the dispute. The parties have agreed that the case is ripe for adjudication based on the cross-motions for summary judgment.

■ The gravamen of the complaint is that the State of Tennessee, through the Tennessee Department of Employment Security and Commissioner Bible, illegally withheld unemployment compensation from Mr. Holbrook, who seeks both damages and injunctive relief under 42 U.S.C. § 1983.[1] Section 1983 permits a cause of action against any person who under color of law deprives any citizen of rights secured under the Constitution and laws of the United States. 42 U.S.C. § 1983. States and agencies of the states are not persons for the purposes of Section 1983. *Quern v. Jordan,* 440 U.S. 332, 339–40, 99 S.Ct. 1139, 1144–45, 59 L.Ed.2d 358 (1979); *Alabama v. Pugh,* 438 U.S. 781, 781–82, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978); *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 676, 681 (6th Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794 (1977); *Deane Hill Country Club, Inc. v. City of Knoxville,* 379 F.2d 321, 324 (6th Cir.), *cert. denied,* 389 U.S. 975, 88 S.Ct. 476, 19 L.Ed.2d 467 (1967). Inasmuch as the State of Tennessee and the Department have not waived their immunity, the Court hereby DISMISSES those parties.

■ Commissioner Bible, however, is a person for purposes of Section 1983. It is clear that Commissioner Bible is being sued in his official capacity only. In essence, the damages aspect of the claim against Commissioner Bible seeks money from the treasury of the State of Tennessee. The Supreme Court has held that the Eleventh Amendment bars the retroactive payment of benefits wrongfully withheld by the state. *Edelman v. Jordan,* 415 U.S. 651, 677–78, 94 S.Ct. 1347, 1362–63, 39 L.Ed.2d 662 (1974). In *Edelman,* the Court held that remedies for public aid recipients whose benefits had been denied illegally by the state were limited to prospective injunctive relief. *Id.* Therefore, in the case at bar, the Court holds that Mr. Holbrook is entitled to no damages from Commissioner Bible in his official capacity—either for the money withheld or for the consequential damages.

As to the possibility of equitable relief, the parties agree that plaintiff was entitled

---

1. Plaintiff also argues that even if he had been overpaid and even if the notice of the hearing had been adequate, he was entitled to notice and hearing as to whether the overpayment should be waived by the Department in accordance with the provisions of TENN.CODE ANN. § 50–7–303(8). For the reasons discussed below, the Court deems it unnecessary to address that issue.

to notice and an opportunity for an evidentiary hearing prior to the Department's declaration in 1974 that he had received benefits illegally and therefore had to repay the $492.00 plus a penalty of $648.00 plus be declared ineligible to receive benefits for a period of fifty-two weeks. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976); *Goldberg v. Kelly,* 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020–21, 25 L.Ed.2d 287 (1970). Such an opportunity is so important that Congress has required the Secretary of Labor to assure that each state receiving certification for payment of federal funds for unemployment compensation benefits have a state law affording "[o]pportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied...." 42 U.S.C. § 503(a)(3).

■ The Supreme Court has explained why the hearing is necessary and what process is due a recipient to assure a fair hearing:

"The fundamental requisite of due process of law is the opportunity to be heard." The hearing must be "at a meaningful time and in a meaningful manner." [T]hese principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally. These rights are important in cases ... where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases. (Citations omitted).

*Goldberg,* 397 U.S. at 267–68, 90 S.Ct. at 1020. The notice requirement is crucial in cases such as the one at bar. *Grannis v. Ordean,* 234 U.S. 385, 394, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). The Court, therefore, must examine all the circumstances of the case to determine if the attempt of the Department to notify Mr. Holbrook of his pending hearing satisfied the demands of due process. The Supreme Court recently addressed the issue of what constitutes adequate notice in *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). In *Greene,* tenants of a housing project challenged a Kentucky law that allowed notice in forcible entry or detainer proceedings by posting notice in a conspicuous place on the premises when personal notice at the premises fails. 102 S.Ct. at 1876. The Court found that while such notice may be adequate in many cases, under the circumstances of that case, it was not adequate because the evidence before the trial court demonstrated that children and other tenants often removed the posted notices. *Id.* 102 S.Ct. at 1879–80 and n. 7. Nevertheless, the Court held that the reasonableness of the attempt to give notice to the tenants "must be tested with reference to the existence of 'feasible and customary' alternatives and supplements to the form of notice chosen." *Id.* 102 S.Ct. at 1880. In *Greene,* the Court held that several other alternatives existed that were constitutionally more preferable to posted service alone, including a second attempt at personal service or combining posted notice with notice by mail, particularly because the defendants knew the correct address of the tenants. *Id.* 102 S.Ct. at 1880–81.

■ In the instant case, the Department sent the plaintiff three notices more than one year after he received his last weekly check. It is undisputed that the post office returned the first and third notices. Although the second notice was not returned by the post office, plaintiff has sworn that he never received it. The defendant has given no credible explanation as to how plaintiff could have received the second notice but not the third notice, which was

sent to the same address one week later. Inasmuch as the plaintiff was in the Army and stationed in Oklahoma when all three letters were mailed, the Court finds credible the contention that Mr. Holbrook never received any notice of the hearing. There is nothing in the record to indicate that plaintiff intentionally avoided the attempt by the Department to notify him. In addition, when the plaintiff applied for benefits in 1980, the Department could have given him an immediate hearing.

The Court holds that the attempt by the Department to notify plaintiff of the allegations that he had received compensation benefits illegally did not satisfy the requirements of due process. Because the Department's attempt to notify plaintiff under the circumstances of this case was insufficient, the holding of the Department that plaintiff owed the department $492.00, that plaintiff must pay $648.00 in penalties, and that plaintiff was ineligible to receive benefits for the next fifty-two weeks was invalid. Therefore, the Court holds that the Commissioner's decision to withhold plaintiff's unemployment compensation benefits from Mr. Holbrook in 1980 constituted a deprivation of plaintiff's property in violation of the Due Process Clause of the Fourteenth Amendment. Commissioner Bible is hereby ENJOINED permanently from withholding plaintiff's benefits until a hearing is conducted, which is consistent with plaintiffs right to due process of law.[2]

An appropriate ORDER will enter.

**2.** In that it is the opinion of this Court that the 1974 hearing was not constitutionally adequate, the Court deems moot the issue of notice and hearing on plaintiff's right to request a waiver of the assessment of $1,140.00.