762 F.2d 1006
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KARL A. BUERGER, PLAINTIFF-APPELLANT,
v.
OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS; STATE OF
OHIO, DEFENDANTS-APPELLEES.
 NO. 84-3235
 United States Court of Appeals, Sixth Circuit.
 3/18/85
 ORDER
 
 1
 BEFORE: MERRITT and MILBURN, Circuit Judges; and GILMORE, District Judge.*
 
 
 2
 The plaintiff appeals the summary judgment for the defendants in this pro se prisoner's civil rights action. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Upon the plaintiff's arrival at the Columbus Correctional Facility in December, 1980, some of his personal property, including a pocket watch, was destroyed. Upon later inquiring as to the propriety of that destruction, he allegedly was threatened with disciplinary action and bodily harm by guards who told him to stop inquiring about the watch. The plaintiff asserts that he did not pursue the inquiry further because of these threats. Following his transfer to another prison, however, he did file two unsuccessful actions for damages in the Franklin County Court of Common Pleas and the Ohio Court of Claims. The latter court dismissed the action as being filed beyond the applicable two-year statute of limitations.
 
 
 4
 In the present action, the plaintiff sought both compensatory and punitive damages for the destruction of his watch and the alleged threats against him. The district court, relying upon this Court's decision in Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, ---- U.S. ----, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984), granted summary judgment on grounds the plaintiff failed to show that he did not have an adequate remedy under state law.
 
 
 5
 Actions alleging the intentional or negligent destruction of inmate property cannot be brought under 42 U.S.C. Sec. 1983 if state law provides adequate remedies to redress the wrong. Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Parratt v. Taylor, 451 U.S. 527 (1981). The state remedies need not be as broad as those available under Sec. 1983. Parratt v. Taylor, 451 U.S. at 543-44; Vicory v. Walton, 721 F.2d at 1064. We find the district court did not err in finding that Ohio's Court of Claims Act provided an adequate remedy for the recovery of damages related to the destruction of the watch. The fact that remedy is now barred by the applicable statute of limitations does not overcome the fact it was available to the plaintiff for two years.
 
 
 6
 It would also appear the district court properly found the Court of Claims Act also provided an adequate remedy for the plaintiff's claims arising from the alleged threats. We need not resolve this issue, however, as we find the action barred on other grounds.
 
 
 7
 The plaintiff brought this action against the State of Ohio and the Ohio Department of Rehabilitation and Correction. Both of these entitles are immune from suits brought in federal courts. Alabama v. Pugh, 438 U.S. 781 (1978). Although the State of Ohio has partially waived its immunity as to actions filed in the Ohio Court of Claims, that waiver does not affect actions brought in federal courts. State of Ohio v. Madeline Marie Nursing Homes, 694 F.2d 449, 460 (6th Cir. 1982); Ohio Inns, Inc. v. Nye, 542 F.2d 673, 680-81 (6th Cir. 1976), cert. denied, 430 U.S. 946 (1977). Based upon this ground,
 
 
 8
 It is ORDERED that the district court's judgment of February 28, 1984 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation