633 A.2d 1057

PATRICK FORENZA AND THOMAS RIZZI, PLAINTIFFS, v. FRANK E. RODGERS, CLERK OF HUDSON COUNTY, ANTHO-NY RAFFAELE, WILLIAM STOECKER AND THE HUDSON COUNTY DEMOCRATIC COMMITTEE, DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided December 18, 1992.

*Libero D. Marotta* for plaintiff.

*Mark E. Marchel,* Deputy Hudson County Counsel for defendant *Rodgers (Francis Lee Leonardis,* Hudson County Counsel, attorney).

*Donald Scarinci* for defendant Hudson County Democratic Committee *(Scarinci and Hollenbeck,* attorneys).

D'ITALIA, A.J.S.C.

The issue before the court is whether a county clerk's failure to conduct a drawing for ballot position in a special election, contrary to the requirements of the New Jersey Election laws, *N.J.S.A.* Title 19, constitutes a violation of 42 *U.S.C.A.* § 1983 such that attorney's fees may be awarded under 42 *U.S.C.A.* § 1988(b).

The event precipitating this action was a special election called to fill the unexpired terms for the offices of Mayor and Council at Large in the Town of Guttenberg, County of Hudson, State of

New Jersey. A complaint and order to show cause with temporary restraints were filed on September 23, 1992. The first count of the complaint alleged that the Hudson County Clerk ("Clerk") improperly failed to conduct a drawing for ballot position in the special election, as required by *N.J.S.A.* 19:14–12, and that the Clerk wrongfully placed plaintiffs' election adversaries in the preferred column "A", while plaintiffs were placed in column "C". Plaintiffs also alleged that this conduct constituted a violation of their civil rights and a denial of due process of law. The second count of the complaint alleged that a drawing for ballot position had been held for a recent Jersey City special election, and the denial of a similar drawing for Guttenberg was a violation of Title 19, plaintiffs' civil rights and due process of law.

On September 28, 1992, the return date of the order to show cause, it was stipulated that the Clerk had been advised by the attorney for the Hudson County Democratic chairman that plaintiffs' election rivals were the designated candidates of the Democratic Party. Relying on that representation, the Clerk placed plaintiffs' election adversaries on column "A", the position enjoyed by the Democratic Party. However, plaintiffs' election adversaries were *not*, in fact, the designees of the Democratic Party, for the party and its chairman failed to comply with the provisions of Title 19 governing party designations, specifically *N.J.S.A.* 19:13–20 and 19:27–11. As a result, the Clerk's action in placing plaintiffs' election rivals on column "A", in lieu of a drawing, was contrary to law.

On October 9, 1992, the court entered an order voiding the ballot positions assigned by the Clerk and directed that a drawing for ballot position be held. In rendering its decision, the court found no violation of any civil rights, or of any other rights, privileges or immunities secured by the Constitution or laws of the United States. In fact, no claims were made by plaintiffs at oral argument beyond the failure of the Democratic Party committee and Clerk to comply with the pertinent provisions of Title 19.

Plaintiffs now seek an award of attorney's fees and costs pursuant to 42 *U.S.C.A.* § 1988 and *R.* 4:42–9.

Our court rules provide that no fee for legal services shall be allowed in the taxed costs or otherwise, except in eight enumerated instances. The only exception applicable here is *R.* 4:42–9(a)(8), which permits counsel fees to be awarded where they are "permitted by statute." There is no applicable New Jersey statute providing for counsel fees. Therefore, plaintiffs rely on a federal statute, 42 *U.S.C.A.* § 1988, which provides in pertinent part:

(b) Attorney's fees

In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

As § 1983 is the only even remotely applicable statute referred to in § 1988, it is assumed that plaintiffs seek relief under that section. 42 *U.S.C.* § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

From a reading of the above, two things are evident. First, an award of attorney's fees under § 1988 is discretionary. Second, in order to be eligible for an award of fees, plaintiffs must demonstrate that they prevailed on a claim of deprivation, under color of state law, of "rights, privileges, or immunities secured by the Constitution and laws". However, § 1983 does not create a remedy for every wrong committed under color of state law. Only deprivations of rights secured by the Constitution and laws of the United States are actionable. *See Ohio Inns, Inc. v. Nye,* 542 *F.*2d 673 (6th Cir.1976), *cert. denied,* 430 *U.S.* 946, 97 *S.Ct.* 1583, 51 *L.Ed.*2d 794 (1977).

Plaintiffs' position, as articulated through briefs and oral argument, seems to be that their due process and equal protection

rights were violated because all similarly situated candidates were not treated equally, that is, plaintiffs and their election adversaries did not have their ballot positions determined by a drawing.

■ It is well established that not every violation of state election law constitutes a denial of constitutionally guaranteed rights. The most instructive summary of this rule appears in *Gamza v. Aguirre*, 619 *F*.2d 449 (5th Cir.1980). *Gamza* dealt with a school board election in which the plaintiff candidate's opponent was alleged to have been improperly declared to be the winner as a result of a miscount of votes. Plaintiff instituted suit in the United States District Court, seeking to be installed on the school board. The District Court granted the relief sought. The Fifth Circuit reversed, finding no § 1983 jurisdiction. The court stated:

The unlawful administration by state officers of a non-discriminatory state law, 'resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination.' *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944).

The very nature of the federal union contemplates separate functions for the states. If every state election irregularity were considered a federal constitutional deprivation, federal courts would adjudicate every state election dispute, and the elaborate state election contest procedures, designed to assure speedy and orderly disposition of the multitudinous questions that may arise in the electoral process, would be superseded by a section 1983 gloss. *See Pettengill v. Putnam County R–1 School District*, 472 F.2d 121 (8th Cir.1973); *Griffin v. Burns*, 570 F.2d 1065 (1st Cir.1978) (dictum). Section 1983 did not create a delictual action for the torts of state officials, *see Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979), and it did not authorize federal courts to be state election monitors. For these reasons we have concluded that the denial of a nominee's right to a position on a ballot by an episodic election irregularity in a county primary election does not deprive his supporters of a federal constitutional right.

[*Id.* at 453–54 (footnote omitted).]

After noting that the complaint contended only inadvertent error, the *Gamza* court held:

In the absence of evidence that the alleged maladministration of the local election procedures was attended by the intention to discriminate against the affected voters or motivated by a desire to subvert the right of the voters to choose their school board representative, we cannot conclude that the error constituted a denial of equal protection of the laws.

*[Id.* at 454.]

Even though the court in *Gamza* found no § 1983 claim, it noted that aggrieved candidates are not left remediless, for "[e]very state has a procedure for election challenges." *Ibid.*

In *League of Women Voters of the United States v. Fields*, 352 *F.Supp.* 1053 (E.D.Ill.1972), the plaintiff league survived a motion to dismiss its complaint, which charged that election officials enabled unqualified persons to vote, allowed some persons to vote more than once, and made voter registration available on a discriminatory basis. However, the court articulated the § 1983 threshold as follows:

> The Court believes that the administration of valid state election laws in an uneven or unlawful manner could amount to such arbitrary administration that citizens would be denied federal rights to vote, to have their vote count equally, and to have substantially fair elections. *Ury v. Santee,* 303 F.Supp. 119 (N.D.Ill., 1969). To rise to the level of a federal civil rights cause of action, the alleged departures from propriety by local officials must be serious and widespread.... Mere occasional election law violations are not actionable under § 1983, *Bacon v. Holzman,* 264 F.Supp. 120 (N.D.Ill., 1967).

*[Id.* at 1055.]

Other circuits take a similar view and hold that § 1983 does not provide relief for mere occasional or episodic state election law violations. Only serious, widespread, recurring or intentional misapplication of state election laws rise to the level of a § 1983 claim. *See Duncan v. Poythress,* 657 *F.*2d 691 (5th Cir.1981); *Powell v. Power,* 436 *F.*2d 84 (2nd Cir.1970).

■ In the case *sub judice,* the court found no intentional wrongdoing by the County Clerk, only erroneous reliance on a communication from the attorney for the county Democratic chairman, resulting in a failure to comply with the election laws. There is no evidence that the error made is widespread or recurring. There was no allegation that the action was a result of fraud, bad faith or malice, and certainly no proofs along those lines were submitted to the court.

What was presented to the court was simply a mistaken application of Title 19 by the Clerk. Although the right vindicated by this court, to have a fair drawing for ballot position, is an important one, an honest mistake in interpreting and carrying out state election laws does not amount to a § 1983 cause of action. Thus, plaintiffs are not prevailing parties under § 1988, and they are not entitled to an award of attorney's fees pursuant to that statute.

The motion is denied.