999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. RUTHERFORD, Individually and as Commonwealth
Planning Consultants, Plaintiff-Appellant,
v.
Riley ANDERSON, Jr., Individually and as Director, Southeast
Tennessee Development District, County Executive of Grundy
County, Tennessee; Joe Guthrie, Individually, Executive
Director of Southeast Tennessee Development District; Hale
Booth, Individually, Assistant Director of Southeast
Tennessee Development District; Carl Hornbuckle,
Individually, Mayor of Gruetli-Laager, Tennessee, Director,
Southeast Tennessee Development District; Marcus Smartt,
Individually, Mayor of Altamont, Tennessee, Defendants-Appellees.
 No. 92-6562.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a district court order dismissing plaintiff's civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Seeking injunctive and monetary relief, plaintiff, David A. Rutherford, individually and as the surviving partner of Commonwealth Planning Consultants (Commonwealth), sued two officers of the Southeast Tennessee Development District, a County Executive of Grundy County, Tennessee, the mayor of Gruetli-Laager, Tennessee, and the mayor of Altamont, Tennessee, alleging deprivation of his federal constitutional rights. Specifically, plaintiff alleged that in 1990, he entered into contracts with two municipalities, Gruetli-Laager and Altamont, Tennessee, agreeing to assist them in obtaining funds for the construction of a sewage disposal water treatment facility. Each contract contained a liquidated damages provision limiting plaintiff to $10,000 in damages in the event of a breach and was to terminate according to its own terms upon completion of the sewer application process. Plaintiff alleged that the municipalities breached the contracts by failing to apply for the necessary funds to begin the projects. Apparently, the two municipalities abandoned the project in favor of a similar project to be constructed under the supervision of Grundy County, Tennessee, the county in which both municipalities are located. Plaintiff claimed defendants used their official positions to induce a breach of the contract by the municipalities. He claimed that defendants' tortious conduct caused him to lose business and forced the dissolution of the Commonwealth partnership. As the basis for his § 1983 claim, plaintiff alleged that defendants' actions deprived him of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. He further alleged that defendants' actions resulted in an impairment of contract in violation of Article I, Section 10 of the Constitution. He also asserted a diversity claim for tortious interference with contract.
 
 
 4
 On June 3, 1992, the district court granted a motion to dismiss filed by defendants Anderson, Guthrie and Booth. On October 30, 1992, the district court granted a motion to dismiss filed by defendants Hornbuckle and Smartt.
 
 
 5
 On appeal, plaintiff raises the following issues:
 
 
 6
 1) Did the district court commit error in dismissing plaintiff's civil rights claim under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief might be granted?
 
 
 7
 2) Did the district court commit error in dismissing plaintiff's state law claim for tortious interference with contracts brought under diversity of citizenship of the parties for failure to state a claim upon which relief might be granted?
 
 
 8
 Initially, we note that plaintiff does not raise the Contract Clause claim on appeal; therefore, it is considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Upon review, we affirm the district court's order because plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). The gravamen of the complaint is predicated on a tortious interference claim. Defendants are alleged to have conspired with each other to deprive plaintiff of his property interest in the contracts, constituting a tortious inducement of a breach of contract and interference with his vested interest and expectancy under the contracts. Plaintiff maintained that the contracts with the municipalities conferred a protected status upon him because they were a source of employment and income for him. An alleged cause of action for tortious interference with contract does not state a cause of action under the United States Constitution or under federal statutes. See Ohio Inns, Inc. v. Nye, 542 F.2d 673, 680 (6th Cir.1976), cert. denied, 430 U.S. 946 (1977). Moreover, plaintiff has failed to state a substantive due process claim because he has failed to allege facts that would shock the conscience of any reasonable person. See United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 35 (6th Cir.1992) (per curiam). Therefore, plaintiff fails to state a claim under § 1983.
 
 
 10
 Finally, plaintiff's diversity claim for tortious interference with contracts was properly dismissed because defendants Anderson, Booth and Guthrie are immune from suit arising out of interference with contract rights. See Tenn.Code Ann. §§ 29-20-201(b)(2) and 29-20-205(2).
 
 
 11
 For the foregoing reasons, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Karl S. Forester, U.S. District Judge for the Eastern District of Kentucky, sitting by designation